WESTERN ELECTRIC COMPANY, a Corporation, Appellant, v. THE CITY OF JAMESTOWN, a Municipal Corporation, Respondent.

(175 N. W. 622.)

**Municipal corporations — action by public utility company for electric current furnished — complaint alleging current furnished to city, and not paid for, states a cause of action.**

In an action by a public utility company against a municipality, where it is alleged that plaintiff has furnished defendant electric current, the value of which, calculated according to a reasonable rate, amounts to $1,402.02, which sum has been demanded and refused, it is *held:*

The complaint states a cause of action.

Opinion filed November 20, 1919.

Appeal from District Court of Fifth Judicial District, Stutsman County, *A. T. Cole,* Special Judge.

Reversed.

*S. E. Ellsworth,* for appellant.

"The ayes and nays shall be taken upon the passage of all ordinances and on all propositions to create any liability against the city, etc." Comp. Laws 1913, § 3592; Bosard v. Grand Forks, 13 N. D. 587, 102 N. W. 164.

"The present state of the authorities clearly justifies the opinion of Chancellor Kent that corporations may be bound by implied contracts within the scope of their powers to be deduced by inference from authorized corporate acts, without either a vote or deed or writing." 2 Dill. Mun. Corp. 5th ed. § 793.

"Municipal corporations, like individuals and private corporations, may be liable to actions on implied contracts." 28 Cyc. 685.

"It is well settled at common law that municipalities are liable the same as individuals to pay upon implied promise for labor done or material supplied and received, accepted and used, by such municipality." City v. Morgan (Ohio) 62 N. E. 127; San Francisco Gas Co. v. San Francisco, 9 Cal. 470; Argenti v. San Francisco, 16 Cal. 283; Pimental v. San Francisco, 21 Cal. 362; San Francisco Gaslight Co. v. Dunno, 62 Cal. 588.

"The courts have in some cases of peculiar hardship, and where the circumstances seemed to demand it, come to the relief of persons dealing with municipalities." Fountain v. Sacramento (Cal.) 82 Pac. 637.

"Corporations, as much as individuals, are bound to good faith and fair dealing; and the rule is well settled that they cannot, by their acts, representations, or silence, involve others in erroneous engagements, and then turn around and disavow their acts, and defeat the just expectations which their own conduct has superinduced." Railroad Co. v. Howard, 7 Wall. 392, 413; Parkersburg v. Brown, 106 U. S. 487, 503; Sedgw. Stat. & Const. Law, 2d ed. 73; Pittsburg, C. & St. L. R. Co. v. Keokuk & H. Bridge Co. 131 U. S. 371, 389; Brown v. Atchinson, 39 Kan. 33, 17 Pac. 465; Livingston v. School Dist. (S. D.) 76 N. W. 301.

"Where a municipal corporation receives and retains substantial benefits under a contract which it was authorized to make but which was void because of being irregularly executed, it is liable in an action brought to recover the reasonable value of the benefits received." Lincoln Land Co. v. Grant (Neb.) 77 N. W. 349; Rogers v. Omaha (Neb.) 107 N. W. 214; Central Bitulithic Paving Co. v. Mt. Clemens (Mich.) 106 N. W. 888; Schneider v. Menasha (Wis.) 95 N. W. 94.

"A city must pay for coal furnished to operate its waterworks, even though the board which contracted for the coal had no authority to do so." Martin-Strelau Co. v. Dubuque (Iowa) 107 N. W. 1013; Port Jervis Waterworks Co. v. Port Jervis, 24 N. Y. Supp. 497, affirmed in 45 N. E. 388.

"The power to make the contract for such articles existed, and the city has had the benefit of the articles and is liable for their value." Kramrath v. Albany, 127 N. Y. 581, 28 N. E. 400; Leonard v. Long Island City, 20 N. Y. Supp. 26; Kramrath v. Albany, 6 N. Y. Supp. 54.

F. G. Kneeland and Thorp & Chase, for respondent.

A mere volunteer cannot recover upon implied contract, simply because a benefit has been derived by the city for such services. Bosard v. Grand Forks (N. D.) 13 N. D. 587, 27 L.R.A.(N.S.) 1129, note; Board-Harrison Co. v. Bline (Ind.) 72 N. E. 1034; Board v. Seawell (Okla.) 41 Pac. 592.

"A municipal corporation may also, like a private corporation or individual, become liable on implied contract; but it has been held in

a number of cases that a contract will not be implied which is *ultra vires* or forbidden by law, or made by an unauthorized person or in a manner unauthorized." 28 Cyc. 664, 685 and cases cited; 2 Dill. Mun. Corp. § 797; Shattuck v. Smith, 6 N. D. 56.

"The provisions of that section requiring a yea and nay vote to be taken, and entry made in the records of the board, are undoubtedly mandatory, and must be substantially complied with." City v. Surety Co. (S. D.) 111 N. W. 563; Picton v. Fargo, 10 N. D. 469, 88 N. W. 96.

"Where the statute prescribes the only mode by which the power to contract shall be exercised, the mode is the measure of the power. A contract made otherwise than so prescribed is not binding or obligatory as a contract, and the doctrine of implied liability has no application in such cases." Reams v. Cooley (Cal.) 152 Pac. 293, and cases cited; Goode River Bank v. Township, 1 N. D. 26, 44 N. W. 1002; Appleton v. City (Wis.) 113 N. W. 44; City v. Morgan (Ohio) 62 N. E. 127.

BIRDZELL, J. This is an appeal from an order sustaining a demurrer to the complaint. The complaint purports to state three separate causes of action, and the demurrer was directed to only the third cause. The causes are related, and the court, in ruling upon the demurrer to the third cause, indicated that if the action should be brought to trial he would sustain an objection to the introduction of any testimony under the first and second causes of action, thereby expressing an opinion that the proposition of law which was decisive against the plaintiff as to the third cause of action was also applicable to the first and second. There is nothing before this court involving the legal sufficiency of the complaint as applied to the first two causes of action alleged, but it may be proper to refer to them for whatever bearing they may be thought to have upon the allegations concerning the third cause of action. The complaint alleges as a first cause of action that during the period between February 1, 1918, and July 1, 1918, the plaintiff furnished and supplied to the defendant, at its special instance and request, electric current to be used for lighting the streets and public places of the defendant city; that the reasonable, customary, and usual value of the service was $2,784; that payment therefor has been demanded

and the defendant in response has paid the sum of $2,531 and no more. For a second cause of action it is alleged that the plaintiff furnished to defendant power for the operation of a pump used in connection with the waterworks of the defendant, the value of which, calculated according to a reasonable and customary charge for said services, made and published by the plaintiff, and well known to said defendant, amounts to the aggregate sum of $1,377.82; that payment has been demanded and refused.

For a third cause of action it is alleged as follows: "That continuously from the 28th day of December, 1908, to this date, plaintiff has furnished and supplied to said defendant for the purpose of lighting a public library and reading room within the said city of Jamestown electric current of the value of which, calculated according to a reasonable schedule of rates made and published by the plaintiff and known to the defendant at all times during the period aforesaid, with interest at the rate of 6 per cent per annum from the date at which the same was furnished, amounts to the aggregate sum of $1,402.02. That payment of said sum has been demanded and such demand refused. That there is now due the sum of $1,402.02."

Briefs have been filed which exhaustively treat of the contractual and quasi contractual liability of municipalities. Throughout the briefs and throughout the oral argument, however, both counsel have drawn freely from sources of information in applying authorities that may or may not be applicable to the case in hand when the proof is in. For instance, hypothetical situations are assumed, the bearing of which upon the legal questions presented will depend upon the actual condition of the ordinances of the city, the practice thereunder, and the terms of the franchise of the plaintiff company. True, we might take judicial notice of the ordinances, but they alone would not necessarily be decisive. On account of the variety of ways in which the merits of this case may be affected by considerations, the direct bearing of which we cannot know until the proof is in, we do not deem it to be advisable to enter upon a discussion of the law which can be based upon nothing more substantial than assumed hypothetical situations. We rather regret the seeming necessity that precludes us from considering at length the propositions that counsel have so ably and exhaustively treated in their briefs. The fault, however, lies in the practice that permits ap-

peals in all cases from orders sustaining or overruling demurrers. Without meaning any disrespect to counsel, and without intending to minimize the efforts spent in the presentation of exhaustive briefs, we feel called upon to put the briefs to one side for the present and determine the case upon the bare legal proposition presented.

The statement of the third cause of action is legally sufficient. Whether or not the requisite proof to support it may be forthcoming, we cannot, of course, venture to say. The complaint states that the plaintiff furnished to the defendant, for lighting a public library and reading room, electric current which, at a reasonable rate, was worth the aggregate sum of $1,402.02, and that the defendant has not paid therefor. It is not incumbent on the plaintiff to allege all of the circumstances surrounding the furnishing of this current, and it may appear on the trial that it was furnished in such circumstances that no liability on the part of the city would result, or the contrary might appear. But the allegation is that it was furnished to the city, and that it is not paid for. This is sufficient to state a cause of action, and, in our judgment, this is all that can properly be decided at this time.

For the foregoing reasons the order appealed from is reversed.